**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**ROGER POWELL, JR.,**

**Plaintiff,**

**v.** **Case No. 25-CV-1440**

**ERIN WENGER,**

**Defendant.**

---

## DECISION AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

Plaintiff Roger Powell, Jr., who is incarcerated and representing himself, brings this lawsuit under 42 U.S.C. § 1983. Powell was allowed to proceed on a claim against defendant Erin Wenger pursuant to the Eighth Amendment for allegedly failing to treat his elbow pain. Wenger filed a motion for summary judgment on the ground that Powell failed to exhaust his administrative remedies before filing this lawsuit. (ECF No. 15.) The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 6, 13.) The motion is fully briefed and ready for a decision.

### PRELIMINARY MATTER

On July 29, 2026, Powell filed a request for the court to accept a late filing of materials that support his response to Wenger's summary judgment motion. (ECF No. 30.) With that request, he filed "Plaintiff's Disputed Facts by Roger Powell, Jr."

(ECF No. 31.) The court will construe Powell's request as a motion for leave to file a sur-reply and Powell's disputed facts as a sur-reply.

District courts are entitled to treat *pro se* submissions leniently, *see Grady v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). Whether to grant a party leave to file a sur-reply is a question within the court's discretion. "The decision to permit the filing of a surreply is purely discretionary and should generally be allowed only for valid reasons, such as when the movant raises new arguments in a reply brief." *Merax-Camacho v. U.S.*, 417 F. App'x 558, 559 (7th Cir. 2011) (citing *Schmidt v. Eagle Waste & Recycling, Inc.,* 599 F.3 626, 631 n. 2 (7th Cir. 2010)). "In some instances, allowing a filing of a surreply 'vouchsafes the aggrieved party's right to be heard and provides the court with the information necessary to make an informed decision.'" *Univ. Healthsystem Consortium v. United Health Group, Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014) (quoting *In re Sulfuric Acid Antitrust Litg.,* 231 F.R.D. 320, 329 (N.D. Ill. 2005)).

Wenger did not contest Powell's request for a late filing, and the submissions provide the court with greater clarity on Powell's attempt to exhaust his administrative remedies. As such, the court will consider Powell's submissions where appropriate in deciding the motion.

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

The Prison Litigation Reform Act states in part that "[n]o action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are

exhausted." 42 U.S.C. §1997e(a). The exhaustion requirement gives prison officials an opportunity to resolve disputes before being hauled into court and produces a "useful administrative record" upon which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)). The exhaustion rule also promotes efficiency because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford*, 548 U.S. at 89. Accordingly, exhaustion must be complete before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (finding that an inmate failed to exhaust his administrative remedies when he filed suit instead of taking his grievance to the appropriate review board).

*Relevant Procedure for Exhausting Administrative Remedies*

The Inmate Complaint Review System (ICRS) is the main process a prisoner must use to bring a grievance to the attention of the institution. Wis. Admin Code § DOC 310.04. Before filing a formal written inmate complaint, "an inmate shall attempt to resolve the issue by following the designated process specific to the subject of the complaint." Wis. Admin Code § DOC 301.07(1). An inmate must file a formal written inmate complaint regarding whatever issue he wishes to raise within 14 calendar days of the conduct giving rise to the complaint occurring. Wis. Admin. Code § DOC 310.07(2). The complaint must clearly identify the issue the inmate seeks to complain about and must be limited to one issue at a time. Wis. Admin. Code § DOC 310.07(5).

Once an inmate files a complaint, the institution complaint examiner (ICE)

may either accept, reject, or return the complaint. Wis. Admin. Code § DOC 310.10(2). A complaint may be rejected for any of the nine reasons stated in Wis. Admin. Code § DOC 310.10(6)(a)-(i). An inmate may appeal a rejected complaint to the appropriate reviewing authority within 10 days. Wis. Admin. Code § DOC 310.10(10). A complaint may be returned within 10 days of receipt if it fails to meet filing requirements. Wis. Admin. Code § DOC 310.10(5). An inmate has 10 days to correct the deficiencies. Wis. Admin. Code § DOC 310.10(5).

Once the ICE accepts the complaint, the ICE makes a recommendation to the reviewing authority. Wis. Admin. Code § DOC 310.10(12). The reviewing authority has 15 days after receiving the recommendation to either affirm or dismiss the complaint in whole or in part. Wis. Admin. Code § DOC 310.11(1)-(2). Within 14 days after the date of the reviewing authority's decision, an inmate may appeal the reviewing authority's decision to the corrections complaint examiner. Wis. Admin. Code § DOC 310.12(1). Appeals may not exceed 500 words and may not exceed two pages. Wis. Admin. Code § DOC 310.09(2)(e). Appeals must also be "limited to the issue raised in the original complaint." Wis. Admin. Code § DOC 310.09(2)(g). If a prisoner does not receive a decision within 45 days after the date the ICE acknowledged the inmate complaint, he may appeal to the corrections complaint examiner. Wis. Admin. Code § DOC 310.11(3).

The corrections complaint examiner then has 45 days in which to make a recommendation to the Office of the Secretary of the DOC or to notify the inmate that more time is needed. Wis. Admin. Code § DOC 310.12(9). The corrections complaint

examiner "may recommend rejection of an appeal not filed in accordance with § DOC 310.09." Wis. Admin. Code. § DOC 310.12(5). The Secretary then has 45 days in which to make a decision following receipt of the corrections complaint examiner's recommendation. Wis. Admin. Code § DOC 310.13(1). If an inmate does not receive a decision from the Secretary within 90 days of receipt of the appeal in the corrections complaint examiner's office, he may consider his administrative remedies exhausted. Wis. Admin. Code § DOC 310.13(4).

*Powell's Allegations and Attempts to Exhaust his Administrative Remedies*

Powell alleges that on November 16, 2024, he woke up with a swollen elbow and was in severe pain. (ECF No. 1 at 2.) He was scheduled for an appointment on November 22, 2024. (*Id.*) However, when he showed up for his appointment, Wenger, a nurse at Waupun Correctional Institution, unfairly cancelled his appointment. (*Id.*) She did not examine or treat him in any way and then stated in the medical file that Powell "refused" his appointment. (*Id.*) Powell was not seen, nor was his pain treated, until six days later, on November 28, 2024. (*Id.* at 2-3.)

Wenger asserts that Powell filed one relevant inmate complaint, WCI-2024-17636, which was received by the ICE on December 9, 2024. (ECF No. 17, ¶¶ 3-4.) On December 17, 2024, the ICE recommended dismissal of the inmate complaint because it did "not appear Inmate Powell's health care concerns are being ignored." (ECF No. 18-2 at 3-4.) The reviewing authority confirmed the ICE's recommendation for dismissal on December 23, 2024. (*Id.*)

Powell appealed the dismissal, which the corrections complaint examiner

received on January 15, 2025. (ECF No. 18-2 at 34-41.) The appeal was four pages long, written in small handwriting, and single-spaced. (*Id.*) On January 27, 2025, the corrections complaint examiner rejected Powell's appeal because it did not follow Wis. Admin. Code § 319.09(2), which requires that appeals not exceed 500 words and not exceed two pages. (*Id.* at 6.) The Office of the Secretary affirmed the appeal's rejection on February 3, 2025. (*Id.* at 7.)

Powell then filed form DOC-2182, "Request for Review of Rejected Complaint," which was received by the ICE on February 13, 2025. (ECF No. 31-1 at 7.) That same day, the ICE returned form DOC-2182, stating that the form is "for review of rejected complaints at the institution level. No appeals regarding CCE/OOS decisions." (*Id.* at 4.) Powell states that, with the return of DOC-2182, he was prevented from fully exhausting the inmate complaint. (ECF No. 31 at 1-2.)

*Analysis*

Wenger argues that Powell did not exhaust his administrative remedies because he did not follow the stated procedure requiring that appeals be no more than two pages and 500 words. The Seventh Circuit Court of Appeals "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A prisoner is required to "properly use the prison's grievance process prior to filing a case in federal court." *Id.* "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

A prisoner can overcome his failure to exhaust his administrative remedies only where he can demonstrate that the grievance process was unavailable to him. *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018). A prisoner can show that a grievance process was unavailable when "(1) prison officials are 'consistently unwilling to provide any relief to aggrieved inmates'; (2) the administrative scheme is 'so opaque that it becomes, practically speaking, incapable of use'; or (3) prison administrators take affirmative action to thwart use of the grievance process," but these are "only examples, not a closed list." *Id.* (quoting *Ross v. Blake*, 578 U.S. 632, 643–44 (2016)).

Wenger argues that, because Powell's appeal was rejected, he failed to exhaust his administrative remedies. "[A] complaint that is *rejected* for procedural reasons, rather than *dismissed* after a determination on the merits, does not exhaust a prisoner's administrative remedies." *Durley v. Kacyon*, Case No. 21-cv-154-pp, 2022 WL 16530885 at *5 (E.D. Wis. Oct. 29, 2022 (citing *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005)) (emphasis in original). An inmate complaint rejected for procedural reasons, even if appealed, cannot satisfy the exhaustion requirement. *Id.*

Powell does not dispute that his appeal did not meet the exhaustion requirements. Instead, he argues that he was prevented from fully exhausting because the institution did not allow him to appeal the rejection. The Seventh Circuit Court of Appeals has recognized that the relevant DOC procedures do not contain a "provision requiring complaint examiners to give prisoners an opportunity to cure procedural defects in their appeals." *Porter v. Hoch*, No. 25-3119, 2026 WL 2475316

at *2 (7th Cir. Aug. 24, 2026). As long as a prisoner understands the requirements and understands that appeals can be rejected on that basis, the process is available to him. *Id.*

Powell does not present any evidence that he did not understand the exhaustion requirements. Indeed, his attempted appeal of the rejection asserted that his appeal was not over 500 words but instead contained "statements with the appeal from staff members stating HSU staff had total knowledge of my elbow." This indicates that he believed his appeal met the exhaustion requirements and that the additional statements did not count toward the 500-word limit. (ECF No. 31-1 at 7.) As in *Porter*, the ICE informed Powell that the decision to reject was final and he could not appeal the rejection. *Porter*, 2026 WL 2475316 at *2.

Because Powell did not follow the required process, he failed to exhaust his administrative remedies before filing this lawsuit. Summary judgment is granted in Wenger's favor.

## CONCLUSION

For the reasons stated above, Powell failed to demonstrate that he fully exhausted his administrative remedies before filing this lawsuit. Summary judgment is granted in favor of Wenger and Powell's case is dismissed without prejudice. *See Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020).

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Wenger's motion for summary judgment on exhaustion grounds (ECF No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 14th day of September, 2026.

BY THE COURT

William E. Duffin

WILLIAM E. DUFFIN
United States Magistrate Judge